PER CURIAM.
Glenn Wade appeals a ruling that his ex-wife, Barbara, is not barred by laches from collecting past due child support. Because of the lack of findings in the appealed order, we remand for further proceedings on this issue.
The parties divorced in January 1987. Glenn was designated the residential parent of the party’s minor child, Cory, while Barbara was designated the residential parent of the minor child, Katrina. The dissolution judgment required Glenn to pay $50 per week in child support for Katrina. Barbara was not required to pay support for Cory. Glenn apparently paid his support until December 1987, when Barbara moved to Illinois with Katrina. It is uncontested that Barbara made no attempt to collect the unpaid support until at least December 1996. In 1997, Barbara sought to hold Glenn in contempt for nonpayment of child support. In January 1998, Glenn moved for an order terminating his child support obligation and for a finding that Barbara was barred by laches from collecting the more than $25,000 in back child support. After a hearing, the court denied Glenn’s motion to terminate and ruled, without explanation, that laches did not bar recovery of the arrearage. Glenn appeals the laches portion of that order; he does not contest the obligation to make future payments.
At the hearing, Glenn testified that when Barbara moved to Illinois in December 1987, they agreed that Glenn would have no contact with Katrina in exchange for not having to pay child support. According to Glenn, Barbara wished to discourage his contact with Katrina because of her conversion as a Jehovah’s Witness and her desire to raise Katrina as such. Glenn further testified that in reliance on that agreement, he remarried, went back to school, and incurred various debts which he would not have taken on if he realized that he was still obligated to pay child support.
Barbara, who testified by telephone at the hearing, denied that she and Glenn agreed in 1987 or at any other time to waive child support in exchange for Glenn giving up visitation rights. Shé admitted not contacting anyone about the child support arrearage until December 1996. She claimed that she waited so long because she did not have the financial resources to pursue it and because she did not know how to contact Glenn; she did not have Glenn’s address, although she conceded that she “was able to find out something” when she asked the parties’ other daughter for information about Glenn. Barbara admitted that Glenn had called at some time over the years to speak with the parties’ *1143 older son; Glenn’s testimony that child support was not mentioned at that time or other times when the parties had contact was unre-futed.
As stated in Wing v. Wing, 464 So.2d 1342, 1344 (Fla. 1st DCA 1985):
In order for a defendant to avail himself of the defense of laches, the evidence must show: (1) conduct on the part of the defendant, or on the part of one under whom he claims, giving rise to the situation of which the complaint is made; (2) the plaintiff, having had knowledge of the defendant’s conduct, and having been afforded the opportunity to institute suit, is guilty of not asserting his rights by suit; (3) lack of knowledge on the defendant’s part that the plaintiff will assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event relief is accorded to the plaintiff or the suit is held not to be barred.
In the instant case, the lower court did not include any findings about whether it determined that there was an agreement between the parties regarding waiver of child support; the order merely provides that Barbara “is not barred by the doctrine of laches from collecting any past due or future child support.” The absence of findings regarding the existence of an agreement precludes us from determining whether the third Wing element — that Glenn did not know that Barbara would later claim the child support — has been satisfied here. If so, then indeed Barbara would be barred by laches from collecting the arrearage. Accordingly, we remand for the trial court to make a finding regarding whether or not the parties made the agreement alleged by Glenn.
REMANDED with instructions.
W. SHARP, and GOSHORN, JJ., concur.
DAUKSCH, J., dissents, with opinion.
DAUKSCH, J.,
dissenting.
I would reverse the order outright rather than delay the inevitable.